UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH KROHN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-07-3885 |
| | § | |
| DAVID POWERS HOMES INC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER GRANTING IN PART AND DENYING IN PART AMENDED MOTION TO STRIKE</u>

This case arises out of alleged violations of the Fair Labor Standards Act.  Now before the Court is Plaintiff's Amended Motion to Strike Summary Judgment Evidence (Doc. 29).[1]  For the following reasons, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.[2]

## I.  Background and Legal Standard

Plaintiff objects to portions of affidavits submitted by Defendants in support of Defendants' Motion for Summary Judgment and in response to Plaintiff's Motion for Partial Summary Judgment.  Plaintiff argues that the affidavits of Kevin Wiederhold, John Mingarelli, and Jerry Johnson "contain hearsay, statements not supported by the facts, conclusory statements, statements not based on personal knowledge, unsubstantiated assertions and vague, overly broad and self-serving statements."  (Pl.'s Am. M. to Strike 1.)

Fed. R. Civ. P. 56(e) states the requirements for affidavits submitted in connection with a motion for summary judgment:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.  If a paper or part of a paper is referred to in an

---

[1]  Plaintiff's original Motion to Strike Summary Judgment Evidence (Doc. 24) has been superseded by her Amended Motion and is therefore **DENIED AS MOOT**.

[2]  The Court does not authorize publication of this Order.

affidavit, a sworn or certified copy must be attached to or served with the affidavit.  The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

Defendants argue that their affidavits comply with these requirements.  Contrary to Plaintiff's arguments, statements in the affidavits need not be supported by other facts or documentary evidence.  The statements of the affiants *are* the facts and evidence for a motion for summary judgment.  *See Mitchell v. Beaubouef*, 581 F.2d 412, 415 (5th Cir. 1978) ("Under the rule, factual statements, such as the defendants' report, should be submitted in affidavit form.").  Just as at trial, some evidence is presented by testimony rather than by documents.  Testimonial evidence need not be supported by documentary evidence.  *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996) (holding that documentation supporting an affidavit is required only when the affidavit explicitly refers to a document).

Further, the affidavits do not need to recite every minor detail that could possibly relate to the situation.  Details might be more persuasive to the Court, but the lack of detail is not a reason for striking a portion of an affidavit.

An affidavit that is self-serving is still competent summary judgment evidence as long as it states facts based on personal knowledge.  *See Velazquez-Garcia v. Horizon Lines of Puerto Rico, Inc.*, 473 F.3d 11, 18 (1st Cir. 2007); *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 504 (7th Cir. 2004).

## II. Analysis

Plaintiff objects to numerous statements in the three affidavits because they are not supported by documentary evidence or additional facts.  As stated above, this is not a valid objection to summary judgment affidavits.  Likewise, the fact that some statements in the affidavits are self-serving is not a valid objection provided that the statements meet the other

requirements of Rule 56(e).  Another of Plaintiff's objections is that the affiants have made "speculative" statements.  The Court finds that none of the statements to which Plaintiff objects are speculative.  Each offers information about a concrete past event or observations of the affiants.

Plaintiff further objects that some statements are "vague" or "overly broad."  Vague and overly broad statements are admissible; they are merely less convincing.  To the extent that the affidavits include factually conclusory statements, these statements cannot establish that an issue of material fact exists.  *See, e.g., Bruce v. Martin-Marietta Corp.*, 544 F.2d 442, 445 (10th Cir. 1976); *Bridges v. IRS*, 433 F.2d 299, 300 (5th Cir. 1970) (per curiam).  However, striking such statements is unnecessary.  The Court will give these statements proper treatment in its consideration of the Motion for Summary Judgment and Motion for Partial Summary Judgment.

Plaintiff also argues that the affiants do not have personal knowledge of the facts in their affidavits, contrary to the requirements of Rule 56(e). Each affiant stated his position at David Powers Homes and his relationship to Plaintiff.  This information provides a sufficient basis for the Court to find that each affiant had sufficient personal knowledge of the facts contained in the respective affidavits.

The Court considers each of Plaintiff's other objections individually.

**A.  Affidavit of Kevin Wiederhold**

Plaintiff objects to the following statements in Mr. Wiederhold's affidavit on the basis of hearsay:  "Elizabeth was told the policy when she was hired by David Powers Homes."  This statement is not inadmissible hearsay because it is not being offered for the truth of the matter asserted by the unknown declarant, that is, for the contents of the policy.  *See* Fed. R. Evid. 801(c).  It is being offered as proof that Plaintiff was told about the policy.

Plaintiff also objects to the following statements in Mr. Wiederhold's affidavit as hearsay:

- "Elizabeth Krohn told David Powers Homes when she was hired that she lived in Bellaire and since her selling area was inside Beltway 8, this was a plus for David Powers Homes."

- "She sold herself to David Powers Homes as an entrepreneur who could work in the field and create a gold mine in the BOYL program by her marketing expertise and outside contacts."

- "I was not concerned because Elizabeth assured me of her ability of sell custom homes and fulfill her responsibilities of sales and marketing in the field, despite other personal commitments."

- "Elizabeth would come to me and tell me that she was taking her children to various activities, doctor appointments, and other appointments on a frequent and regular basis."

Each of these statements in the affidavit reports a statement by Plaintiff.  Even assuming that each is offered for the truth of the matter asserted by Plaintiff, these statements are not hearsay pursuant to Fed. R. Evid. 801(d)(2), which states that an admission by a party-opponent offered against that party is not hearsay.

Plaintiff objects to the following statements in Mr. Wiederhold's affidavit as "legal opinion":

- "Elizabeth's work was of substantial importance to David Powers Homes' custom home business."

- "Without good marketing and sales, there would be no homes to build."

- "Elizabeth was highly compensated by the commissions that she earned."

- "Elizabeth worked independently without direct supervision."

Summary judgment affidavits containing "legal argument rather than evidentiary facts" may be stricken.  *See, e.g., Condos v. Conforte*, 596 F. Supp. 197, 199 (D. Nev. 1984); *see also United States v. Coleman Capital Corp.*, 295 F. Supp. 1016, 1021 (N.D. Ill. 1969).  In *Condos*, the affidavit in question consisted of a "learned discussion as to the law of 'probable cause' and [the affiant's] expert opinion as to the propriety of the procedures followed."  *Id*.  None of the statements in Mr. Wiederhold's affidavit come close to "legal argument."  Each of these statements refers to factual matters observed by Mr. Wiederhold.  While each of the facts may form a predicate for Defendants' legal arguments, none represents an ultimate conclusion about a legal issue in this case.  Therefore, the Court will not strike these statements.

### B.  Affidavit of John Mingarelli

Plaintiff objects to the following statement in John Mingarelli's affidavit as hearsay: "Since I supervised Ms. Krohn, Mike McNair, the production manager, reported to me that when he went to the Buffalo Speedway office at least twice a week to contact Ms. Krohn, Ms. Krohn was rarely at the office."  This statement is inadmissible hearsay and is hereby **STRICKEN** from Mr. Mingarelli's affidavit.  Defendants should have submitted an affidavit by Mr. McNair as to what he observed.

Plaintiff also objects to these statements as legal opinion:

- "Ms. Krohn's duties were of substantial importance in the general business operations of David Powers Homes' business in selling and marketing custom homes."

- "She was hired to develop David Powers Homes' Build on Your Homesite program in the greater Houston area."

Again, these statements refer to facts observed by Mr. Mingarelli.  They are not legal opinions, and the Court will not strike them.

### C.  Affidavit of Jerry Johnson

Plaintiff does not make any objections based on hearsay to Jerry Johnson's affidavit. Plaintiff makes an objection based on legal opinion to the identical statements made by Mr. Mingarelli, recited above.  For the same reasons, the Court declines to strike these statements from Mr. Johnson's affidavit.

## III.  Conclusion

Plaintiff's Amended Motion to Strike is **GRANTED** only as to the single sentence in Mr. Mingarelli's affidavit, listed above, that constitutes inadmissible hearsay.  Plaintiff's Motion is **DENIED** in all other respects.

**IT IS SO ORDERED.**

**DONE** this the **18th day of August, 2008, at Houston, Texas.**

Samuel B Kent
United States District Judge