IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH KROHN, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-cv-03885 |
| | § | |
| DAVID POWERS HOMES, INC. and | § | |
| DAVID POWERS, Individually, | § | |
| | § | |
| Defendants | § | JURY DEMANDED |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' REQUEST FOR ENTER BILL OF COSTS

Defendants David Powers Homes, Inc and David Powers, Individually respond to plaintiff's objections to the Bill of Costs previously filed herein by the defendants.

### The Court Should Order Cost for Defendants

1.   As defendants have addressed in numerous prior pleadings with this court, based upon the findings of fact and conclusions of law entered by this court in the judgment granted in favor of the defendants and against the plaintiff, defendants are clearly the prevailing parties in this matter and should thus be awarded their costs pursuant to Federal Rule of Procedure 54. Defendants will not spend any further time addressing this issue.

### Specific Cost Elements

### Depositions, Transcripts and Copies

### Elizabeth Krohn's Deposition Transcript and Copy

2.   Defendants should be able to recover the costs of Elizabeth Krohn's deposition transcript and copy. Defendants have yet to see a case that holds, and plaintiff has not

submitted one to this court, that the deposition of a party should not be taxable as costs of court. Certainly, each party to a lawsuit has a right to depose the other party, and should be expected to do so. This is entirely customary and generally necessary to the prosecution or defense of any lawsuit. As for Plaintiff's assertion that defendants should not be entitled to recover for the copy of Ms. Krohn's deposition, it is reasonable and customary and normal procedure for a court reporter to provide the original and one copy of a deposition of a witness. This well known procedure has been recognized by courts including in *Microtune, L.P. v. Broadcom Corporation*, 2004 WL 716697 (E.D. Texas 2003): "The Court is of the opinion that the original and one copy of each deposition transcript per party in its standard form is necessary."

### Depositions of Harold Acord, Jerry Johnson, Jodie Vasquez, Kevin Wiederhold, George Neil Lewis, Patrick Hickey, Daniel Wasserberg, G.F. Watkins and John Mingarelli

3.   As with the deposition of the Plaintiff, the depositions of Harold Acord, Jerry Johnson, Jodie Vasquez, Kevin Wiederhold, George Neil Lewis, Patrick Hickey, Daniel Wasserberg, G.F. Watkins and John Mingarelli were all taken in furtherance of the defense of this lawsuit. The majority of the deponents were called as witnesses at the time of trial, and during the pendency of the lawsuit, defendants had no way of knowing if any of these people would be available for the trial of the case. It is particularly interesting that the plaintiff, who used the depositions of Harold Acord, Daniel Wasserberg and G F Watkins in furtherance of the allegations that she made against defendants, would now come and complain about the cost of the taking of those depositions. In any event, the depositions were necessarily incurred in the reasonable defense of the claims made by the plaintiff. In addition, the argument again made by the

plaintiff that defendants should not be able to recover for both the original and the copy of depositions taken by the defendants are without merit, as was shown above.

### David Powers Copy of the Deposition Transcript

4. Defendants obtained a copy of the deposition transcript of David Powers. Having a copy of this transcript was necessary in order to be able to prepare this matter for trial.

### Charges for Copies Claimed in Bill of Costs

5. Plaintiff contests defendants' request to recover costs of obtaining employment records regarding the plaintiff from Partners in Building and David Weekly Homes, claiming that such records are not in any way related to plaintiff's claims and are thus not recoverable costs. To the contrary, such expenses were directly related to the defense of this lawsuit, as the documents necessary to prepare for the deposition and cross-examination of Elizabeth Krohn and to be fully prepared to respond to any assertions plaintiff made regarding her employments for these builders. It is not a requirement that expenses to be taxed as costs be for items that are actually used at trial, but merely that they could reasonably be anticipated to be used at trial and were expended in the legitimate furtherance of a party's claim or defense.

### Other Cost Matters

6. Defendants concede that the subpoena costs requested in the bill of costs filed herein are not, under the present state of the law, recoverable by the defendants and thus withdraw their request for private process server costs. In addition, defendants withdraw their request for the $121.70 sought for costs related to the production of discovery. Defendants concede that such expenses are not recoverable as court costs. Finally, under the present state of the law in the 5th Circuit, it appears that costs for videotaped

depositions are not taxable as costs, and defendants thus withdraw their requests for the cost of the videotaped depositions of Elizabeth Krohn and Kevin Wiederhold.

## CONCLUSION

7. The majority of the costs sought by the defendants in their bill of costs are recoverable. Defendants have conceded that the $1,360 in private process server costs, $121.70 in copies for discovery production and $3,118.75 for the videotaped depositions of Elizabeth Krohn and Kevin Wiederhold are not recoverable and withdraw their request for those items. However, defendants were clearly the prevailing parties at the trial of this lawsuit and should thus be awarded the remaining costs sought in the bill cost filed herein.

Respectfully Submitted,

*[signature]*

Josef F. Buenker
TBA No. 03316860
1201 Prince Street
Houston, Texas 77008
713-868-3388 Telephone
713-683-9940 Facsimile
ATTORNEY-IN-CHARGE FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2009, I electronically filed a copy of the foregoing document and served it by electronic transmission on Plaintiff's counsel, Mr. Todd Slobin, SHELLIST LAZARZ, 1900 West Loop South, Suite 1910, Houston, Texas 77027, through the Court's CM/ECF system.

*[signature]*

Josef F. Buenker