IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH KROHN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3885 |
| | § | |
| DAVID POWERS HOMES, INC. and | § | |
| DAVID POWERS, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This Fair Labor Standards Act case was tried to the Court on May 26-27, 2009. After receiving post-trial briefing from the parties, the Court issued its Findings of Fact and Conclusions of Law [Doc. # 120] and Final Judgment in favor of Defendants [Doc. # 121] on June 30, 2009. The case is now before the Court on Plaintiff's Motion for Relief From Judgment or Order Pursuant to Rule 60(b) and Motion for New Trial or in the Alternative Motion to Amend or Alter Judgment Pursuant to Rule 59(e) ("Motion") [Doc. # 122], filed July 10, 2009.[1]  Defendants filed a Response

---

[1] Generally, a motion challenging a Court's order is considered pursuant to Rule 59(e) of the Federal Rules of Civil Procedure if it is filed within ten days of the judgment or order of which the party complains and is considered pursuant to Rule 60(b) if filed more than ten days after entry of the challenged order.  *See, e.g., Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 327 n. 1 (5th Cir. 2004).  In this case, Plaintiff specifically raised certain arguments as supporting relief under Rule 59(e) and other arguments as supporting relief under Rule 60(b).  Because the result would be the same under the applicable standards for either rule, the Court will consider the arguments as raised by Plaintiff.

[Doc. # 126], and Plaintiff filed a Reply [Doc. # 127].[2]  Having a clear recollection of the trial of this case, having reviewed the record, and having applied governing legal authorities, the Court **denies** the Motion.

## I.  FACTUAL BACKGROUND

Defendant David Powers Homes, Inc. ("DPH") is a builder of homes in the Houston, Texas area.  David Powers is the founder, co-owner, President, and Chief Executive Officer of DPH.  Plaintiff was employed by DPH from May 1, 2005 until September 27, 2007, as a "Build on Your Homesite" sales consultant.

From May 1, 2005 until March 10, 2006, Plaintiff worked out of DPH's corporate office.  On March 10, 2006, she began working out of and managing the Buffalo Speedway office.  Her primary responsibility was to procure and work with clients for whom DPH was building custom homes on the clients' homesites.

After she had been working for DPH for well over two years and shortly before she left the employment of DPH in September 2007, Plaintiff claimed for the first time that she was entitled to unpaid overtime compensation.  On November 16, 2007, Plaintiff filed this lawsuit alleging, among other claims, that she was entitled to unpaid

---

[2]     Also pending is Defendants' Bill of Costs [Doc. # 124], to which Plaintiff filed Objections [Doc. # 125], and Defendants' filed a Response [Doc. # 128].

overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

Following the bench trial and post-trial briefing, the Court issued its Findings of Fact and Conclusions of Law on June 30, 2009.  The Court found that Plaintiff failed to present evidence that persuaded the Court by a preponderance of the evidence that she worked overtime while employed by DPH.  Although it was not necessary to the Court's final judgment in Defendants' favor, for purposes of a more complete record the Court also found that Plaintiff failed to prove by a preponderance of the evidence that DPH knew of overtime she may have worked, and failed to prove the amount of overtime compensation to which she would be entitled had she proven that she worked overtime.  The Court also found in the Findings of Fact and Conclusions of Law that Plaintiff failed to establish a factual basis for the imposition of FLSA liability against David Powers individually or for an award of liquidated damages.  Because Plaintiff failed to prove her claim for overtime compensation, the Court entered final judgment in favor of Defendants.  Nonetheless, again for purposes of a more complete record, the Court also concluded that Defendants failed to prove that the "outside sales" exemption applied to Plaintiff's work as she actually performed it – a manner inconsistent with what DPH expected.

Plaintiff has now moved for relief from the Court's final judgment in favor of Defendants.  Plaintiff states that the Court's final judgment is incorrect and "Plaintiff

is the prevailing party." Plaintiff also seeks to challenge, post-judgment, a discovery ruling by the Magistrate Judge in October 2008. Plaintiff also argues that the Court applied an inappropriately difficult standard for Plaintiff to prove that she worked overtime hours and that David Powers was liable for the alleged FLSA violation. Plaintiff's Motion has been fully briefed and is ripe for decision.

## II.   RULE 60(b)

Plaintiff seeks relief from the Court's Final Judgment pursuant to Rule 60(b) because, according to Plaintiff, judgment in favor of Defendants is a mistake because Plaintiff "is the prevailing party." Specifically, Plaintiff relies on paragraphs (1) and (6) of Rule 60(b). Relief under Rule 60(b)(1) is available where the movant establishes "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Rule 60(b)(6) permits relief "for any other reason justifying relief from the operation of the judgment." FED R. CIV. P. 60(b)(6); *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005). Rule 60(b)(6) is "a residual or catchall provision . . . to accomplish justice under exceptional circumstances." *Edwin H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). Indeed, Rule 60(b)(6) relief should be granted only where extraordinary circumstances are present. *See Ackerman v. United States*, 340 U.S. 193, 201 (1950); *Hesling*, 396 F.3d at 642.

Plaintiff asserts that she prevailed on the "seminal legal issue" regarding whether she was covered by the "outside salesman" exemption to the overtime compensation requirements of the FLSA. Plaintiff states that the applicability of the exemption "was the sole legal issue being tried before the Court." *See* Motion, p. 2. Plaintiff's position that the exemption issue was the only one being tried is refuted by the record. In the Joint Pretrial Order, Plaintiff identified the number of hours worked as a factual dispute and identified as an undisputed legal proposition that "an employee who brings suit for unpaid overtime compensation bears the burden of proving, with definite and certain evidence, that he performed work for which he was not properly compensated." *See* Joint Pretrial Order [Doc. # 46], pp. 9, 14. The parties both offered evidence at trial in support of their respective positions regarding whether Plaintiff worked overtime while employed by DPH.

Plaintiff in her Reply cites *Hilton v. Executive Self Storage Assocs., Inc.*, 2009 WL 1750121 (S.D. Tex. June 18, 2009) (Rosenthal, J.). In *Hilton*, the jury found in favor of the plaintiff. The defendant filed a motion for judgment as a matter of law pursuant to Rule 50(b), arguing that "the evidence presented at trial was not based on contemporaneous records and was insufficient as a matter of law." *Id.* at *3. The district judge denied the defendant's motion, finding that plaintiff's evidence was adequate to support the jury's verdict. *Id.* at *6. This Court agrees with Judge

Rosenthal's analysis and decision in *Hilton*. A plaintiff's description of the number of hours worked during a given work week is not insufficient *as a matter of law* to support a finding in the plaintiff's favor. In the case at bar, however, the Court did not hold that Plaintiff's testimony that she worked overtime was inadequate as a matter of law. Instead, the Court found that Plaintiff's testimony failed to persuade the Court by a preponderance of the evidence that she worked overtime hours. This is the important distinction between this case and *Hilton* – in *Hilton* the trier of fact found the plaintiff's evidence credible; in the case at bar, the trier of fact was not persuaded by Plaintiff's evidence.

Because the Court found Plaintiff's evidence to be unpersuasive, Plaintiff did not prevail on her FLSA claim. Findings regarding the exemption were, therefore, unnecessary and were made solely to provide a more complete record. The Court's factual findings were not the result of "mistake, inadvertence, surprise, or excusable neglect," and Plaintiff has not identified any exceptional circumstances "justifying relief from the operation of the judgment." Consequently, Plaintiff's Motion for relief from judgment pursuant to Rule 60(b) is **denied**.

## III.   RULE 59(e)

Plaintiff seeks relief from judgment pursuant to Rule 59(e) because she claims to have been prejudiced by an October 2008 discovery ruling by the Magistrate Judge.

Plaintiff also argues that the Court imposed an improperly high burden to prove Defendants' knowledge that she was working overtime and the individual liability of David Powers.

A motion to alter or amend judgment pursuant to Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). The motion "calls into question the correctness of a judgment" and is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479.

Plaintiff argues that she is entitled to relief from judgment and a new trial pursuant to Rule 59(e) because the Magistrate Judge improperly denied her motion to compel Defendants to produce "Weekly Status Reports." The Magistrate Judge's ruling was in October 2008. Plaintiff did not ask this Court to review the Magistrate Judge's ruling prior to trial. Moreover, in the motion to compel, Plaintiff argued that the "Weekly Status Reports" should be produced because they were relevant to her "commission and bonus claims." *See* Motion to Compel [Doc. # 41], p. 2. After the district judge to whom the case was assigned at that time granted summary judgment

in favor of Defendants on Plaintiff's claims for unpaid commissions and bonuses [Doc. # 65], the Magistrate Judge properly denied the Motion to Compel as moot. Plaintiff did not seek reconsideration by the Magistrate Judge based on any alternative ground of relevance for production of the records.[3]  As a result, the Court **denies** Plaintiff's Rule 59(e) Motion for relief from judgment and **denies** a new trial based on the Magistrate Judge's denial of her Motion to Compel.

Plaintiff argues that the Court imposed an incorrect burden of proof on the issues of Defendants' knowledge that she was working overtime hours and the individual liability of David Powers.  As to each issue, Plaintiff recites the evidence she produced at trial and argues that the evidence was sufficient to prevail on the issue.  The Court held in favor of Defendants on these two issues, however, not because it applied an incorrect burden of proof.  The Court set forth the correct legal standards for both these issues and then considered whether it was persuaded that Plaintiff's evidence satisfied these standards.  In each case, for the reasons explained fully in the Findings of Fact and Conclusions of Law, the Court found that Plaintiff's evidence was not persuasive.  Plaintiff is not entitled to Rule 59(e) relief.

---

[3]  This Court does not reach the issue of whether the "Weekly Status Reports" were relevant.

## IV.     BILL OF COSTS

Defendants seek to recover their taxable costs in the amount of $10,386.20. Plaintiff objects to Defendants receiving any costs, arguing that she prevailed and that Defendants engaged in "aggressive litigation tactics."  *See* Objections [Doc. # 125], p. 2.  Plaintiff also challenges the amount of costs requested.[4]

Rule 54(d) of the Federal Rules of Civil Procedure states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."    By statute, however, federal courts may award only those costs itemized in 28 U.S.C. § 1920, absent explicit statutory or contractual authorization to the contrary.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987); *see Mota v. University of Texas Houston Health Science Ctr*, 261 F.3d 512, 529 (5th Cir. 2001).  Under 28 U.S.C. § 1920, a court may tax, inter alia, fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case and fees for exemplification and copies of papers necessarily obtained for use in the case. *Mota*, 261 F.3d at 530. A court "may decline to award the costs listed in the statute but may not award costs omitted from the list." *Coats v. Penrod*

---

[4] Defendants originally sought $14,986.65 in taxable costs.  In their Response [Doc. # 128] to Plaintiff's Objections, however, Defendants withdrew their request for $1,360.00 for private process server costs.  Defendants also reduced their request for costs associated with copies by $121.70 and conceded that they were not entitled to recover the $3,118.75 associated with videotaping two depositions.

*Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993).  The Court has broad discretion in determining the appropriateness of an award of costs under Rule 54(d)(1). *See Breaux v. City of Garland*, 205 F.3d 150, 164 (5th Cir. 2000).

As was discussed above and as was clear from the Court's Findings of Fact and Conclusions of Law and the Final Judgment in this case, Defendants were the prevailing party and are entitled to recover their taxable costs.  The Court does not find that Defendants' litigation conduct in defending against Plaintiff's claims was any more aggressive than was Plaintiff's conduct in pursuing her claims.  Defendants' conduct is not a basis for denying recovery of those costs to which they are entitled.

Plaintiff objects to the amount claimed by Defendants for copying and for depositions because many of the documents and deposition transcripts were not introduced at trial.  The Court overrules these objections.  The expenses, as reduced by Defendants in their Response, are fully justified.  Defendants seek only the basic cost of an original transcript and one copy.  Section 1920 allows the prevailing party to recover costs of original depositions and copies if "necessarily obtained for use in the trial," and it is not required that a deposition be actually introduced into evidence to meet this requirement.  *Coats*, 5 F.3d at 891.  "'If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party.'"  *Id*.

(quoting *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991)).  Whether a deposition "was necessarily obtained for use in the case" is a factual determination for the district court.  *Id*.  The Court sees no evidence that the depositions were merely investigatory and thus non-taxable.  *See Perez v. Pasadena Indep. Sch. Dist.*, 165 F.3d 368, 374 (5th Cir. 1999).  Defendants are entitled to recover as taxable costs $8,443.86 for deposition transcripts.

Defendants are also entitled to recover $1,942.34 as taxable costs for copying charges.  The Court has reviewed the copying charges and finds them justified as necessary to the litigation and trial.  *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994).

Defendants, as the prevailing party, are entitled to recover $10,386.20 as taxable costs.

## V.     **CONCLUSION AND ORDER**

The Court's judgment correctly reflects that Defendants prevailed in this case because, applying the correct legal standard, Plaintiff failed to present evidence that persuaded the Court that she worked overtime hours while employed by DPH.  The Court based its decision regarding Defendants' knowledge and David Powers's individual liability on the correct legal standard.  The discovery ruling by the United

States Magistrate Judge on October 22, 2008, more than seven months before the trial began, does not provide a basis for the relief Plaintiff requests.

Defendants are entitled to recover its taxable costs in the amount of $10,386.20. Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion [Doc. # 122] is **DENIED** and that Defendants are awarded its taxable costs in the amount of **$10,386.20**.

SIGNED at Houston, Texas, this **24th** day of **August, 2009**.

_____
Nancy F. Atlas
United States District Judge